IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONTE ALTON EALY,

                Plaintiff,

v.

KRISTINE STAUFFACHER, SALLY WESS,
TERRA FREDLUND, E. DAVIDSON,
CASHIER DEPARTMENT, T. SCHWOCHERT,
STATE OF WISCONSIN, DEPARTMENT OF
ADULT INSTITUTION, and DEPARTMENT
OF CORRECTIONS,

                Defendants.

ORDER

17-cv-717-wmc

---

In a prior opinion and order, the court denied *pro se* plaintiff Lamonte Alton Ealy, an inmate at the New Lisbon Correctional Institution, leave to proceed on claims that alleges that defendants, employees and other entities of the Wisconsin Department of Corrections, violated his constitutional rights by deducting amounts in excess of that allowed under his judgment of conviction and to cover DNA surcharges not actually incurred. (3/22/19 Op. & Order (dkt. #12).) Before the court is Ealy's motion for reconsideration of that decision. (Dkt. #14.) Finding no basis to grant such relief, the court will deny his motion.

OPINION

Under Federal Rule of Civil Procedure Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City*

*of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

In its prior opinion and order, the court considered plaintiff's asserted due process violations under two theories: (1) defendants' deductions of 50% of the funds in his prison account violates the 25% cap in his judgments of conviction; and (2) the DNA surcharge of $1,250 when he had already paid the DNA surcharge as part of an earlier conviction and for which none were collected as part of his 2013 and 2014 convictions.[1]

With respect to the "percentage of deduction" claim, the court concluded that plaintiff had failed to state a claim because of the availability of post-deprivation procedures under Wisconsin law. (3/22/19 Op. & Order (dkt. #12) 5) (citing Wis. Admin. Code DOC ch. 310; *Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996)).) In his motion for reconsideration, Ealy contends that his claim was not dependent on the

---

[1] In his motion, plaintiff also alleges that he was asserting an equal protection claim, but does not allege that he falls within a protected class or that defendants discriminated against him based on that protected class, or any facts to support a "class of one" equal protection claim. As such, the court sees no error in construing plaintiff's complaint as asserting due process claims.

2

enactment of Wis. Stat. § 973.20, which allowed for the deduction of up to 50% of a prison account for restitution; instead, as best as the court can surmise, he contends that he did not have *any* restitution obligation, and, therefore, defendants should not have deducted any funds from his account. This new allegation (or new explanation), however, does not alter the court's decision in its prior opinion and order that the availability of post-deprivation procedures under Wisconsin law undercuts a due process claim. At minimum, plaintiff has not identified a manifest error.

With respect to the second identified due process claim -- the "DNA surcharges" claim -- the court denied him leave to proceed because the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), barred such relief. (3/22/19 Op. & Order (dkt. #12) 6 (discussing *Heck*, 512 U.S. at 486-87).) In his motion for reconsideration, Ealy represents and submits evidence to support a finding that he *did* challenge the excessive DNA surcharges in Milwaukee court, and the court amended the judgment of conviction, vacating two of the five DNA surcharges. Crediting this argument, plaintiff still has failed to allege a due process claim because either (1) he took advantage of Wisconsin's extensive, post-deprivation process to challenge that assessment and, therefore, has no basis to assert a due process claim, or (2) to the extent he is challenging the three remaining surcharges, the court lacks jurisdiction over this claim pursuant to the *Rooker-Feldman* doctrine, which prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

Regardless, here, too, plaintiff has failed to identify a manifest error in the court's prior opinion and order.

ORDER

IT IS ORDERED that plaintiff Lamonte Alton Ealy's motion for reconsideration (dkt. #14) is DENIED.

Entered this 26th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge